## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
**Judge Nina Y. Wang**

Civil Action No. 21-cv-02131-NYW-STV

BEHAVIOR ANALYST CERTIFICATION BOARD, INC., and
NCS PEARSON, INC. d/b/a PEARSON VUE,

      Plaintiffs,

v.

DAILYS SOLIS,

      Defendant.

---

## ORDER ON MOTION FOR DEFAULT JUDGMENT

---

This matter comes before the Court on Plaintiffs' Renewed Motion for Default Judgment Against Defendant Dailys Solis (the "Motion" or "Motion for Default Judgment"). [Doc. 19]. Upon review of the Motion, the record before the Court, and the applicable case law, the Motion for Default Judgment is respectfully **DENIED without prejudice**.

### BACKGROUND

Plaintiffs Behavior Analyst Certification Board, Inc. ("BACB") and NCS Pearson, Inc. d/b/a Pearson VUE ("Pearson VUE") (collectively, "Plaintiffs") initiated this civil action on August 6, 2021 against Defendant Dailys Solis ("Defendant" or "Ms. Solis"). *See* [Doc. 1]. Plaintiffs allege generally that Ms. Solis copied examination questions from a BACB examination and disclosed those questions to individuals who took the same examination at a later time, thereby breaching confidentiality and ethical obligations imposed on all BACB test-takers. [*Id.* at ¶ 6]. Plaintiffs assert seven claims against Defendant: (1) copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; (2) trade secret misappropriation under the federal Defend Trade

Secrets Act, 18 U.S.C. §§ 1836 *et seq.*; (3) trade secret misappropriation under the Colorado

Uniform Trade Secrets Act, Colo. Rev. Stat. §§ 7-74-101 *et seq.*; (4) common law conversion;

(5) breach of contract as to BACB; (6) breach of contract as to Pearson VUE; and (7) tortious

interference with prospective economic advantage.  [*Id.* at 11–15].

Defendant was served on August 23, 2021, [Doc. 6], but failed to answer or otherwise

respond to the Complaint.   To date, Defendant has not entered an appearance in this case.

Accordingly, on October 21, 2021, Plaintiffs filed Plaintiff's Motion for Default Judgment (the

"First Motion for Default Judgment").  *See* [Doc. 8].  On August 9, 2022,[1] this Court denied the

First Motion for Default Judgment without prejudice, as Plaintiffs had not moved for or obtained

a clerk's entry of default under Rule 55(a) of the Federal Rules of Civil Procedure.  *See* [Doc. 14

at 2]; *see also Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014) ("The entry of a

default [is] necessary for the court to grant a default judgment.").

After Plaintiffs successfully moved for a clerk's entry of default, *see* [Doc. 17; Doc. 18],

Plaintiffs filed the instant Motion for Default Judgment.  [Doc. 19].  The Motion, however, does

not support their request for the entry of default judgment.   Instead, Plaintiffs request that the

Court, "in preparation for entering default judgment," order Defendant to

> 1. Turn over for forensic review the computer she used for taking the test, and

> 2. Sign an authorization for Plaintiffs' counsel, Mark Sabey, to obtain from her
> telephone service provider records for all calls, emails, text messages and other data
> covering the dates of April 17, 2020 (the testing date) through the end of July 27,
> 2020 (the date of the Facebook post)[, and]

> 3. Plaintiffs also respectfully request the Court to order a deposition, if needed, to
> follow up on the records provided and then to hold a hearing to determine the
> appropriate damages and other relief to be granted by way of default judgment.

---

[1] This case was reassigned to the undersigned on August 5, 2022.  [Doc. 13].

[*Id.* at 5]; *see also* [*id.* at 2–3 ("We request that the court conduct [an] investigation and a hearing to establish the truth of certain allegations by evidence in order to enter or effectuate judgment.")]. The Court considers Plaintiffs' requests below.

## LEGAL STANDARD

"[T]he entry of a default judgment is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).  The first step in determining whether to enter default judgment requires the Court to resolve whether it has jurisdiction over the case, and if it does, whether the well-pleaded factual allegations in the Complaint and any attendant affidavits or exhibits support judgment on the claims against the defendant.  *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010); *see also Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd*, No. 14-cv-02133-REB-KLM, 2015 WL 4237950, at *5 (D. Colo. 2015) ("There must be a sufficient basis in the pleadings for the judgment entered." (internal quotation marks omitted)).  If the Court lacks jurisdiction, either subject matter over the action or personal over the defendant, default judgment cannot enter.  *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (emphasis and internal quotation marks omitted)).

By its default, the defendant admits the plaintiff's well-pleaded allegations of fact, is precluded from challenging those facts by the judgment, and is barred from contesting on appeal the facts established.  *CrossFit, Inc. v. Jenkins*, 69 F. Supp. 3d 1088, 1093 (D. Colo. 2014); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  But a party in

3

default does not admit conclusions of law, only allegations of fact, and so the factual allegations must be enough to establish substantive liability. *Bixler*, 596 F.3d at 762; *Big O Tires*, 2017 WL 2263079, at \*3 (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)). In addition, the entry of default does not establish whether an amount of damages is reasonable. Damages may be awarded only if the record adequately reflects the basis for the award as supported by the evidence in the record. *Klapprott v. United States*, 335 U.S. 601, 612 (1949); *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016).

## ANALYSIS

As a preliminary matter, the exact nature of the relief requested in the Motion is unclear. Plaintiffs style their Motion as a Motion for Default Judgment and have submitted a proposed order which, if adopted by the Court, would grant judgment in favor of Plaintiffs and against Defendant. *See* [Doc. 19-1 at 1]. But Plaintiffs do not actually request the entry of default judgment in their request for relief, *see* [Doc. 19 at 5], nor do they make any substantive argument in support of default judgment. *See generally* [*id.*].

This Court's duty when ruling on a motion for default judgment is to determine whether jurisdiction is proper and whether the factual allegations contained in the complaint—and deemed admitted by the defendant—are sufficient to establish the defendant's substantive liability. *Bixler*, 596 F.3d at 762. While the allegations are deemed admitted, any possible legal conclusions stemming therefrom are not. *Id.* "[A] defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). If Plaintiffs

are, indeed, requesting the entry of default judgment in their Motion, they have not met this burden. They assert no argument addressing whether their allegations are sufficient to establish liability on each of their seven claims.  *See generally* [Doc. 19].  It is not this Court's duty to perform legal research or craft arguments on behalf of a party, *Lebahn v. Owens*, 813 F.3d 1300, 1308 (10th Cir. 2016), and the Court concludes that it is contrary to the interests of judicial economy to *sua sponte* conduct legal research and assess the strength of Plaintiffs' allegations as to each of Plaintiffs' seven claims.  The Court thus declines to do so.

In addition, as discussed above, Plaintiffs request that the Court order Defendant to participate in certain discovery "in preparation for entering default judgment." [Doc. 19 at 5].  In support of their requests, Plaintiffs direct the Court to Rule 55(b), *see* [*id.* at 2–3], which provides that a court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2). However, Plaintiffs do not direct the Court to any legal authority demonstrating that this rule permits the Court to order the specific discovery requested by Plaintiffs in this case.  The Court is not persuaded that it does, given that the plain language of the rule permits the Court to conduct an evidentiary *hearing*, and is silent as to whether it permits ancillary discovery on a defaulting defendant.

Some courts have permitted early discovery prior to the entry of default judgment where the plaintiff requires discovery to determine the extent of its damages.  *See, e.g.*, *Seiko Epson Corp. v. Straightouttaink, LP*, No. 19-cv-08240-YGR-KAW, 2020 WL 13094087, at *1 (N.D. Cal. Apr. 21, 2020); *Provectus Biopharm., Inc. v. Dees*, No. 3:16-cv-222, 2016 WL 8738436, at *3 (E.D. Tenn. Aug. 29, 2016).  But other courts, including a court in this District, have denied such

requested discovery.  *See Ixotic AG v. Kammer*, No. 09-cv-4345 (NG) (JO), 2010 WL 2734408, at *1 (E.D.N.Y. July 8, 2010) ("[N]one of the cited authorities satisfactorily explains the source of a court's authority to grant the kind of relief the plaintiffs seek here, and it appears to be at odds with the timing provisions of the federal rules."); *see also* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."); *LaGuardia v. Castellano 03 Trucking, L.L.C.*, No. 19-cv-02494-CMA-KLM, 2019 WL 13198690, at *2 (D. Colo. Nov. 22, 2019) (declining request for pre-default-judgment discovery upon concluding that the plaintiff had not established good cause for early discovery).

In this District, a court may permit early discovery upon a showing of good cause, *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003), and any early discovery should be "narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011).  Plaintiffs do not meaningfully explain why the requested discovery is necessary prior to the entry of default judgment.  Plaintiffs assert that in discussions with Defendant's counsel, her counsel stated that Defendant "only sent three test questions to her tutor in an effort to cheat," but "did not intend to steal the test questions," such that "Defendant may be responsible for a smaller portion of liability as compared to other non-party wrongdoers." [Doc. 19 at 3–4].  Plaintiffs assert that "[a] crucial purpose of this case was to obtain discovery about whether [these] assertions were accurate and whether the relevant records of Defendant would disclose who was actually involved in the theft and misappropriation of the BACB's test questions."  [*Id.* at 4].  But the Court is not convinced that Plaintiffs should be permitted to obtain

discovery from a defaulted Defendant to determine whether other, non-party individuals were involved in the alleged misconduct.  Moreover, "[t]his puts the cart before the horse—a plaintiff does not get discovery until he alleges a plausible claim."  *Dechant v. Grayson*, No. 2:20-cv-02183-HLT, 2021 WL 63280, at \*2 n.3 (D. Kan. Jan. 7, 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)); *see also McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002) ("The district court was not required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim."); *cf. Scherbarth v. Woods*, No. 16-cv-02391-KHR, 2018 WL 851344, at \*7 (D. Colo. Feb. 13, 2018) ("Plaintiff cannot issue discovery to determine whether he could add a claim."); *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2017 WL 3891756, at \*3 (D. Colo. Jan. 13, 2017) ("The court sees no relevance in this request whatsoever.  It is obviously a fishing expedition to see if any of the other cases, if any, had allegations or facts of which the defendants here are unaware."); *Super. Prod. P'ship v. Gordon Auto Body Parts Co., Ltd.*, 784 F.3d 311, 320–21 (6th Cir. 2015) ("In sum, '[a]lthough a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" (citations and internal quotations omitted)).  This case was brought against Defendant alone, who by her default has admitted the truth of the factual allegations in the Complaint.

Based on the record before it, the Court declines to grant either discovery or a default judgment against Defendant at this time.  Should Plaintiffs seek leave to conduct discovery prior to the entry of default judgment, they should identify the specific discovery requested and proposed mechanism for that discovery, explain the necessity of the discovery for purposes of this case against this Defendant, and discuss the Court's authority to order such discovery in this case from a non-appearing Defendant under the Federal Rules of Civil Procedure and applicable case law.

**CONCLUSION**

For the reasons set forth herein, it is **ORDERED** that:

(1)      Plaintiffs' Renewed Motion for Default Judgment Against Defendant Dailys Solis

[Doc. 19] is **DENIED without prejudice**.

DATED:  December 16, 2022             BY THE COURT:

_____
Nina Y. Wang
United States District Judge

8